1  ARMENDAREZ discussed the distribution of narcotics with an

2  undercover law enforcement officer, and defendant R. LOZANO

3  discussed arrangements to pay the undercover officer for a

4  narcotics transaction conducted with the president of the Mongols

5  Okane Park chapter.

6       314.  On January 26, 2008, by telephone using coded

7  language, defendant WILSON advised defendant CAVAZOS that a

8  Mongols member had been forced to surrender his motorcycle to the

9  gang.

10      315.  On January 28, 2008, defendant R. LOZANO arranged to

11  purchase one half-pound of methamphetamine from an undercover law

12  enforcement officer at the "Laugh Factory" in Hollywood,

13  California.

14      316.  On February 1, 2008, defendant NIEVES threatened to

15  shoot rival gang members at the "Katie Jakes" bar in Covina,

16  California.

17      317.  On February 2, 2008, in Los Angeles, California,

18  defendant J. GARCIA advised an undercover law enforcement

19  officer, posing as a Mongols "prospect," that he should not

20  display Mongols emblems in Cypress Park because of ongoing

21  conflicts with the Mexican Mafia, and J. GARCIA offered to sell a

22  Tech-9 assault weapon to the undercover officer.

23      318.  On February 3, 2008, by telephone using coded

24  language, defendant WILSON told defendant H. GONZALEZ that

25  defendant R. CAVAZOS, JR., had required that all Mongols

26  applications include serial numbers.

27      319.  On February 4, 2008, by telephone using coded

28  language, an unindicted co-conspirator warned defendant MUNZ that

law enforcement officers were looking for MUNZ and another Mongols member in connection with the investigation of the murder of "Hells Angels" gang member C.T., and the co-conspirator advised MUNZ that he told officers that MUNZ did not live at the location.

320.  On February 4, 2008, by telephone using coded language, defendant MUNZ advised defendant CHEVILLE that law enforcement officers were looking for him and an unindicted co-conspirator at the residence of defendant SHAWLEY in connection with the investigation of the murder of C.T. and that CHEVILLE and others needed to remove evidence of their crimes from their residences.

321.  On February 5, 2008, by telephone using coded language, defendants CAVAZOS and MUNZ discussed the Mongols' conflicts with the Mexican Mafia based on the Mongols' refusal to pay "taxes" to "La Eme" for their narcotics trafficking and the consequences of Mongols members entering protective custody while in prison.

322.  On February 8, 2008, by telephone using coded language, defendants WILSON and BUSS discussed plans to seize control of the Mongols from defendant CAVAZOS.

323.  On February 9, 2008, defendants CAVAZOS, R. CAVAZOS, JR., and A. CAVAZOS, JR., possessed firearms and bullet-proof vests at their residence in West Covina, California.

324.  On February 9, 2008, defendant NIEVES and an unindicted co-conspirator armed themselves for a confrontation with rival gang members at the "Around the Corner" bar in West Covina, California.

325.   On February 10, 2008, in Los Angeles, California, defendant J. GARCIA advised three undercover law enforcement officers that they had been approved as "full patch" members of the Mongols.

326.   On February 11, 2008, defendant MUNZ directed Mongols associates to attack rival "Hells Angels" gang members at the "Parkway Bowl" in El Cajon, California, and admonished the victims that they were in Mongols territory.

327.   On February 12, 2008, defendants R. LOZANO and RIVERA delivered approximately 97 grams of actual methamphetamine to an undercover law enforcement officer at a "Target" store in Rosemead, California, and R. LOZANO advised the officer that R. LOZANO, RIVERA and defendant A. LOZANO could provide armed protection for another narcotics transaction involving 20 to 30 kilograms of cocaine.

328.   On February 14, 2008, by telephone, defendants CAVAZOS and R. CAVAZOS, JR., discussed obtaining a trademark on the Mongols image.

329.   On February 16, 2008, by telephone using coded language, defendant MUNZ warned defendant CAVAZOS that a Mongols associate might be providing information to law enforcement about the crimes of the Mongols.

330.   On February 17, 2008, in West Covina, California, defendant R. CAVAZOS, JR., directed undercover law enforcement officers, posing as Mongols "prospects," to store firearms in R. CAVAZOS, JR.'s, car so that they would be readily accessible if Mongols needed to use them, and defendants RODRIGUEZ and NIEVES discussed retaliating against rival gang members who had shot at

1  NIEVES on February 1, 2008.

2       331.  On February 20, 2008, defendants CAVAZOS, R. CAVAZOS,

3  JR., MUNZ, H. GONZALEZ, and J. GARCIA attended a Mongols

4  "Sergeant-At-Arms" meeting in El Monte, California, and CAVAZOS

5  advised members that a Mongols "prospect" was cooperating with

6  the government in the prosecution of defendant MALDONADO for the

7  April 8, 2007 shooting of Maravilla gang members, and CAVAZOS

8  also warned members about the possible infiltration of the

9  Mongols by undercover law enforcement officers.

10      332.  On February 22, 2008, defendants H. GONZALEZ and

11 NIEVES attended a Mongols "mother chapter" meeting in El Monte,

12 California, and directed defendant ANGULO and an undercover law

13 enforcement officer to act as a security force outside the

14 meeting location.

15      333.  On February 23, 2008, defendants CAVAZOS, R. CAVAZOS,

16 JR., NIEVES, and ANGULO carried firearms and attended the Mongols

17 Harbor chapter party in Wilmington, California, and defendant J.

18 GARCIA admitted three undercover law enforcement officers as

19 Mongols members.

20      334.  On February 26, 2008, by telephone using coded

21 language, defendants CAVAZOS and MUNZ discussed plans to direct

22 defendant WILSON to confront the Mongols "Mother Chapter" over

23 allegations that he has been disloyal to the Mongols.

24      335.  On February 26, 2008, in West Covina, California,

25 defendants CAVAZOS, MUNZ, GONZALES, and CANALES, and other

26 unindicted co-conspirators attended a Mongols "Mother Chapter"

27 meeting and addressed the expansion of the Mongols across the

28 United States and internationally.

336.   On February 28, 2008, in Los Angeles, California, defendants H. GONZALEZ and J. GARCIA collected dues from Mongols members for the Mongols organization.

337.   On February 29, 2008, in Los Angeles, California, defendants H. GONZALEZ and ROSELI collected dues payments from Mongols members for the Mongols organization.

338.   On February 29, 2008, in Las Vegas, Nevada, defendant TREVINO recruited an undercover law enforcement officer, who was posing as a drug trafficker, to join the Mongols and told the officer that his drug trafficking would benefit the Mongols, although he would be expected to "go to war" for the Mongols and, once a member of the Mongols, would not be permitted to quit the organization.

339.   On February 4, 2008, in Whittier, California, unindicted Mongols threatened to assault an African-American patron at "Steve's BBQ" if he did not leave the restaurant.

340.   On March 6, 2008, by telephone using coded language, defendant CAVAZOS directed defendant WILSON to remind Mongols members that they must answer to the Mongols "Mother Chapter" and specifically to CAVAZOS.

341.   On March 9, 2008, in Las Vegas, Nevada, defendants HULL and TREVINO encouraged an undercover law enforcement officer, who was posing as a drug trafficker, to join the Mongols, and HULL told the officer that he could make a lot of money trafficking drugs with him.

342.   On March 11, 2008, by telephone, defendant CAVAZOS discussed preparing a story on the Mongols with a news reporter, and CAVAZOS told the reporter that he could provide specific

details about a Mongols murder committed at a tattoo shop and involving the Mexican Mafia, including information about the planning and preparation for the murder.

343. On March 12, 2008, by telephone using coded language, defendant CAVAZOS directed an unindicted Mongols member to deliver Mongols dues payments to CAVAZOS at his residence in West Covina, California.

344. On March 14, 2008, defendant BUSS directed an unidentified Mongols member known as "Convict" to locate and attack the owner of an art gallery in Pomona, California, and "Convict" carried a .45 caliber handgun with him when he attempted to carry out the attack.

345. On March 14, 2008, defendant TREVINO sold a firearm to an undercover law enforcement officer and a confidential government informant in Las Vegas, Nevada.

346. On March 17, 2008, defendants CAVAZOS, R. CAVAZOS, JR., H. GONZALEZ, ROSELI, A. CAVAZOS, JR., MEDEL, and MCCAULEY possessed a loaded .22 caliber rifle, a Sturm Ruger mini-thirty rifle, a 12-gauge shotgun, .30 caliber rifle, two Taurus 9 mm handguns, five .45 caliber handguns, a .223 caliber rifle, a loaded 5.56 caliber rifle, and two .38 caliber revolvers for the Mongols at their residence in West Covina, California.

347. On March 17, 2008, defendant CAVAZOS sent a telephone message to Mongols chapters to warn Mongols that law enforcement officers were searching his residence and they should prepare for further law enforcement action.

348. On March 22, 2008, in San Diego County, defendant A. LOZANO possessed two handguns.

71

349.  On March 23, 2008, by telephone using coded language, defendant ARMENDAREZ told defendant MUNZ that defendant A. LOZANO had been arrested but that ARMENDAREZ and another Mongols member were trying to post bail for A. LOZANO.

350.  On March 23, 2008, by telephone using coded language, defendant MUNZ told defendant CAVAZOS that defendant A. LOZANO had been arrested.

351.  On March 26, 2008, in Las Vegas, Nevada, defendants TREVINO, HULL, and WILLIAM RAMIREZ armed themselves as "security" to protect the distribution of 20 kilograms of cocaine.

352.  On March 31, 2008, in Los Angeles, California, defendant ROSELI issued an order to Mongols members to pay legal defense funds to the Mongols "Mother Chapter."

353.  On April 1, 2008, in El Monte, California, defendants H. GONZALEZ and ROSELI collected cash from Mongols members for the organization.

354.  On April 1, 2008, in Montebello, California, defendant FIGUEROA possessed approximately 97 grams of actual methamphetamine and a loaded .45 caliber handgun.

355.  On April 1, 2008, by telephone using coded language, defendant CAVAZOS warned members that law enforcement officers were conducting a "raid" on defendant FIGUEROA and that Mongols should hide evidence of their crimes.

356.  On April 6, 2008, defendants LOZA and NEWMAN stabbed R. H. and beat J. H. at a Mobile gas station in Pasadena, California.

357.  On April 7, 2008, by telephone using coded language, defendant CAVAZOS directed Mongols members to disguise their

membership in the enterprise following the April 6, 2008 attack in Pasadena, California.

358.   On April 10, 2008, defendant GUTIERREZ sold approximately 107.1 grams of actual methamphetamine to an undercover law enforcement officer and a confidential government informant in Montebello, California.

359.   On April 11, 2008, defendants ARMENDAREZ, R. LOZANO, HULL, and RIVERA discussed arrangements to distribute methamphetamine and cocaine with an undercover law enforcement officer.

360.   On April 12, 2008, defendants CAVAZOS, MUNZ and R. CAVAZOS, JR., led a Mongols "All Members" meeting at the "House Lounge" in Maywood, California, and CAVAZOS instructed Mongols that they must protect one another against law enforcement and would not be permitted to cooperate in an Internal Revenue Service investigation of CAVAZOS.

361.   On April 12, 2008, in Maywood, California, defendant MUNZ addressed Mongols at an "all members" meeting and told them that he believed defendant CAVAZOS was being investigated for "terrorist recruitment," and defendant R. CAVAZOS, JR., directed members to contribute to a fund for CAVAZOS' legal fees.

362.   On April 14, 2008, defendant R. CAVAZOS, JR., met with an undercover law enforcement officer, who was posing as a new Mongols member, at the "Yard House" in Pasadena, California, and R. CAVAZOS, JR., told the officer that the "Mother Chapter" would preserve the "Mongol Nation" and ensure that information about the Mongols' crimes did not reach law enforcement.

363.   On April 17, 2008, in Los Angeles, California,

73

1 | defendant J. GARCIA collected money from Mongols members to pay

2 | for defendant CAVAZOS' legal defense.

3 |     364.   On April 27, 2008, in Whittier, California, defendants

4 | NAVA, COTTINI, and LOUIE stabbed N. G. when they suspected he was

5 | a rival gang member.

6 |     365.   On April 27, 2008, in Long Beach, California,

7 | unidentified Mongols used knives to forcibly remove support

8 | patches for the "Hells Angels" from patrons at the Long Beach

9 | motorcycle swap meet.

10 |     366.   On May 1, 2008, in Alhambra, California, defendants

11 | ROSELI and J. GARCIA collected money from Mongols for the

12 | enterprise.

13 |     367.   On May 1, 2008, in Montebello, California, defendant

14 | GUTIERREZ sold approximately 75.4 grams of actual methamphetamine

15 | to an undercover law enforcement officer and a confidential

16 | government informant.

17 |     368.   On May 3, 2008, defendants CAVAZOS and R. CAVAZOS,

18 | JR., collected dues payments from Mongols gang members at their

19 | residence in West Covina, California, and R. CAVAZOS, JR.,

20 | displayed a semi-automatic handgun as he collected payments from

21 | Mongols.

22 |     369.   On May 24, 2008, defendant MCCAULEY, with defendant R.

23 | CAVAZOS, JR., and two other Mongols members, displayed a .45

24 | caliber semi-automatic handgun, and threatened to kill D.Q. in

25 | the parking lot of the "Ordonez" restaurant in Montebello,

26 | California, threatening, "We are going to fuck you up.  You are

27 | fucking with Mongols.  Everyone here is going to know that you

28 | are little bitches, and they are going to know who the Mongols

1    are."

2        370.  On June 6, 2008, at the Mongols "National Run" in San

3    Diego County, defendant CAVAZOS awarded the Mongols "Respect Few

4    Fear None" patch to defendants LOZA and NEWMAN to reward them for

5    the attack on R.H. and J.H. in Pasadena, California, on April 6,

6    2008.

7        371.  On June 19, 2008, in San Bernardino County, defendant

8    R. LOZANO sold approximately 62.5 grams of actual methamphetamine

9    to an undercover law enforcement officer, posing as a Mongols

10   member.

11       372.  On July 24, 2008, by telephone using coded language,

12   defendant H. GONZALEZ told a confidential government informant

13   that he delivered approximately $15,000 to $17,000 in United

14   States currency from Mongols chapters every month to defendants

15   CAVAZOS and R. CAVAZOS, JR.; that CAVAZOS had directed him to

16   destroy the records of collecting the funds; and that the funds

17   collected were now missing.

18       373.  On July 24, 2008, defendant RIVERA and David Rivera

19   transported approximately 214.4 grams of actual methamphetamine

20   and $6,980 in United States currency in Fontana, California.

21       374.  On July 26, 2008, defendants CAVAZOS, R. CAVAZOS, JR.,

22   H. GONZALEZ, ROSELI, MUNZ, NIEVES, CANALES, ZUNIGA, and MEDEL,

23   and other unindicted co-conspirators attended a Mongols

24   "presidents" meeting in El Monte, California, and defendant H.

25   GONZALEZ advised the Mongols "presidents" that he would be

26   running the enterprise more strictly and that they should careful

27   about their telephone conversations in order to avoid detection

28   by law enforcement.

375. On July 26, 2008, defendant CAVAZOS advised Mongols "presidents" that defendants R. CAVAZOS, JR., RODRIGUEZ, ROSELI, A. CAVAZOS, JR., ARMENDAREZ, FIGUEROA, and SOTO, and others would provide security for CAVAZOS, and defendant MUNOZ advised CAVAZOS that he was angry CAVAZOS had exposed MUNOZ' effort to negotiate with Mexican Mafia representatives and the fact that MUNOZ had tried to kill rival gang members by shooting at them.

376. On July 27, 2008, defendant H. GONZALEZ discussed his discovery that CAVAZOS had been stealing cash funds delivered by Mongols to the "Mother Chapter," and that there was believed to be approximately $150,000 in funds missing from Mongols organization.

377. On July 30, 2008, by telephone using coded language, defendant V. RODRIGUEZ delivered approximately 26.1 grams of actual methamphetamine and arranged to sell methamphetamine to an undercover law enforcement officer, who was posing as a Mongols member, and V. RODRIGUEZ told the undercover officer that defendants RODRIGUEZ, MARTINEZ, and VALLE also sold methamphetamine.

378. On August 1, 2008, defendant V. RODRIGUEZ delivered approximately 91.1 grams of actual methamphetamine to an undercover law enforcement officer, who was posing as a Mongols member, for $5,300.

379. On August 24, 2008, by telephone using coded language, defendant H. GONZALEZ directed Mongols "Sergeants-at-Arms" that H. GONZALEZ had been "tipped" about possible law enforcement action against the Mongols and that Mongols should be directed to hide illegal items.

380.  On August 25, 2008, by telephone using coded language, defendant NIEVES directed Mongols not to display clothing or paraphernalia identifying themselves as Mongols members after a shooting at the "Crazy Girls" bar in Hollywood, California.

381.  On August 30, 2008, at the "House Lounge" in Vernon, California, defendants H. GONZALEZ and MUNZ led a Mongols "All Members" meeting in which they advised Mongols members that defendant CAVAZOS had stolen money from the organization, provoked greater tension with the Mexican Mafia, and members voted CAVAZOS "out bad" from the organization.

382.  On August 30, 2008, in Vernon, California, defendant H. GONZALEZ advised Mongols that H. GONZALEZ had met with Mexican Mafia representatives in order to resolve conflicts between the Mexican Mafia and the Mongols, and defendants NIEVES, ZUNIGA, CANALES, and others were identified as national officers and Mongols "Mother Chapter" members.

383.  On September 17, 2008, in Los Angeles County, California, defendant VASQUEZ possessed approximately 52 grams of methamphetamine, black tar heroin, approximately $505 in United States currency, digital scales, three cellular telephones, Mongols literature and his Mongols black leather vest, and, when apprehended, told officers that he could not be placed with a general inmate population because he is a Mongol.

THE GRAND JURY FURTHER ALLEGES THAT:

1.  Beginning on a date unknown and continuing to on or about August 21, 2008, in Los Angeles County, within the Central District of California, defendants CAVAZOS, R. CAVAZOS, JR., H.

77

1  GONZALEZ, ROSELI, NIEVES, TINOCO, MUNZ, WILSON, RAMIREZ,

2  RODRIGUEZ, MUNOZ, J. GARCIA, BUSS, SOTO, RIOS, A. CAVAZOS, JR.,

3  ARMENDAREZ, R. MARTINEZ, R. LOZANO, A. LOZANO, M. GARCIA, PONCE,

4  FIGUEROA, GIL, GUTIERREZ, VIRAMONTES, CANALES, J. GONZALEZ,

5  ZUNIGA, LEYVA, OWENS, MOREIN, L. PADILLA, TRUJILLO, MEDEL,

6  AZANEDO, MALDONADO, MONTES, WEDIG, V. RODRIGUEZ, A. LOPEZ,

7  BRADEN, CHAVEZ, MELGOZA, TELLEZ, ANGULO, CONTRERAS, ESPINOZA,

8  RIVERA, REYNOLDS, I. PADILLA, HULL, TREVINO, CHEVILLE, VALLE,

9  LEMAY, SHAWLEY, PRICE, CORDOVA, NAVA, R. GOMEZ, MCCAULEY, LOUIE,

10  COTTINI, S. GONZALEZ, SOLIS, WILLIAM RAMIREZ, MELCER, LOZA,

11  NEWMAN, MORENO, SAVALA, D. PADILLA, and others known and unknown

12  to the Grand Jury, knowingly and intentionally conspired and

13  agreed with each other to distribute at least 50 grams of actual

14  methamphetamine, a schedule II controlled substance, in violation

15  of Title 21, United States Code, Sections 846, 841(a)(1), and

16  841(b)(1)(A).

17  2.   On or about December 4, 2005, in Los Angeles County,

18  within the Central District of California, defendants A.

19  RODRIGUEZ, ARMENDAREZ, R. LOZANO, A. LOZANO, GUTIERREZ, and

20  ANGULO willfully, deliberately, and with premeditation, did aid,

21  abet, advise, encourage, and otherwise participate in the

22  unlawful attempt to kill with malice aforethought D.F., J.V. and

23  S.G., in violation of California Penal Code, Sections 21a, 31,

24  187, and 664.

25  3.   On or about July 20, 2006, in Los Angeles County,

26  within the Central District of California, defendant ESPINOZA

27  willfully, deliberately, and with premeditation, unlawfully

28  attempted to kill with malice aforethought S.A., in violation of

78

1  California Penal Code, Sections 21a, 31, 187, 189, and 664.

2       4.    On or about February 14, 2007, in Los Angeles County,
3  within the Central District of California, defendants MONTES and
4  MELCER did willfully, deliberately, and with premeditation, kill
5  with malice aforethought L.H., in violation of California Penal
6  Code, Sections 21a, 31, 187, and 189.

7       5.    On or about April 8, 2007, in Los Angeles County,
8  within the Central District of California, defendant MALDONADO
9  willfully, deliberately, and with premeditation, unlawfully
10 attempted to kill with malice aforethought rival gang members in
11 violation of California Penal Code, Sections 21a, 31, 187, 189,
12 and 664.

13      6.    On or about June 28, 2007, in Los Angeles County,
14 within the Central District of California, defendant MELGOZA
15 willfully, deliberately, and with premeditation, unlawfully
16 attempted to kill with malice aforethought M.T., in violation of
17 California Penal Code, Sections 21a, 31, 187, 189, and 664.

18      7.    On or about August 18, 2007, in Los Angeles County,
19 within the Central District of California, defendants CAVAZOS and
20 WILSON willfully, deliberately, and with premeditation, conspired
21 to kill with malice aforethought rival gang members, in violation
22 of California Penal Code, Sections 21a, 31, 182, 187, and 189.

23      8.    On or about April 6, 2008, in Pasadena, California,
24 within the Central District of California, defendants LOZA and
25 NEWMAN willfully, deliberately, and with premeditation,
26 unlawfully attempted to kill with malice aforethought R.H. and
27 J.H., in violation of California Penal Code, Sections 21a, 31,
28 187, 189, and 664.

79

COUNT TWO

[18 U.S.C. § 1962(c)]

1.   Paragraphs One through Seventeen of the General Allegations are re-alleged and incorporated by reference as though fully set forth herein.

THE RACKETEERING OFFENSE

2.   Beginning on a date unknown and continuing to on or about October 9, 2008, in Los Angeles County, within the Central District of California, and elsewhere, defendants CAVAZOS, R. CAVAZOS, JR., H. GONZALEZ, ROSELI, TINOCO, MUNZ, WILSON, RODRIGUEZ, MUNOZ, J. GARCIA, BUSS, SOTO, RIOS, ARMENDAREZ, R. LOZANO, A. LOZANO, M. GARCIA, PONCE, FIGUEROA, GIL, GUTIERREZ, VIRAMONTES, J. GONZALEZ, ZUNIGA, TELLEZ, OWENS, MOREIN, L. PADILLA, TRUJILLO, MALDONADO, MONTES, WEDIG, V. RODRIGUEZ, BRADEN, MELGOZA, ANGULO, CONTRERAS, ESPINOZA, RIVERA, LEMAY, CORDOVA, R. GOMEZ, MELCER, LOZA, NEWMAN, and D. PADILLA, and others known and unknown to the Grand Jury, being persons employed by and associated with the Mongols criminal enterprise, which was an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully and knowingly did conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise, through a pattern of racketeering activity, that is, through the commission of the acts set forth below.

THE PATTERN OF RACKETEERING ACTIVITY

3.   The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

80

1 | Racketeering Act One

2 | Conspiracy to Distribute Narcotics

3 |     4.   Beginning on a date unknown to the Grand Jury and

4 | continuing to on or about October 9, 2008, in Los Angeles County,

5 | within the Central District of California, and elsewhere,

6 | defendants CAVAZOS, R. CAVAZOS, JR., H. GONZALEZ, ROSELI, TINOCO,

7 | MUNZ, WILSON, RODRIGUEZ, MUNOZ, J. GARCIA, BUSS, SOTO,

8 | ARMENDAREZ, R. LOZANO, A. LOZANO, M. GARCIA, PONCE, FIGUEROA,

9 | GIL, GUTIERREZ, VIRAMONTES, J. GONZALEZ, AZANEDO, ZUNIGA, TELLEZ,

10 | OWENS, MOREIN, L. PADILLA, TRUJILLO, MALDONADO, MONTES, WEDIG, V.

11 | RODRIGUEZ, BRADEN, MELGOZA, RIOS, ANGULO, CONTRERAS, ESPINOZA,

12 | RIVERA, LEMAY, CORDOVA, R. GOMEZ, MELCER, LOZA, NEWMAN, and D.

13 | PADILLA, and others known and unknown to the Grand Jury,

14 | conspired and agreed with each other to knowingly and

15 | intentionally commit the following offenses:

16 |     a.   To distribute at least 500 grams of a mixture or

17 | substance containing a detectable amount of cocaine, a schedule

18 | II controlled substance, in violation of Title 21, United States

19 | Code, Sections 841(a)(1) and 841(b)(1)(B);

20 |     b.   To distribute at least 50 grams of actual

21 | methamphetamine, a schedule II controlled substance, in violation

22 | of Title 21, United States Code, Sections 841(a)(1) and

23 | 841(b)(1)(A); and

24 |     c.   To distribute at least five grams of actual

25 | methamphetamine, a schedule II controlled substance, in violation

26 | of Title 21, United States Code, Sections 841(a)(1) and

27 | 841(b)(1)(B).

28 |

1 Racketeering Act Two

2 Conspiracy to Commit Money Laundering

3    5.   Beginning on a date unknown and continuing until on or

4 about October 9, 2008, in Los Angeles County, within the Central

5 District of California, and elsewhere, defendants CAVAZOS, R.

6 CAVAZOS, JR., H. GONZALEZ, ROSELI, TINOCO, MUNZ, WILSON, J.

7 GARCIA, and RIOS, and others known and unknown to the Grand Jury,

8 knowingly and intentionally conspired and agreed with each other

9 to conduct financial transactions, knowing that the property

10 involved in the financial transactions represented the proceeds

11 of some form of unlawful activity, and which property was, in

12 fact, the proceeds of specified unlawful activity, that is,

13 conspiracy to distribute cocaine and methamphetamine, with the

14 intent to promote the carrying on of said specified unlawful

15 activity, and to conceal and disguise the nature, location,

16 source, ownership, and control the proceeds of said specified

17 unlawful activity, in violation of Title 18, United States Code,

18 Sections 1956(a)(1)(A)(I) and 1956(a)(1)(B)(I).

19 Racketeering Act Three

20 Distribution of Cocaine

21    6.   On or about August 12, 2005, in Los Angeles County,

22 within the Central District of California, defendant VIRAMONTES

23 knowingly and intentionally distributed cocaine, a schedule II

24 controlled substance, in violation of Title 21, United States

25 Code, Section 841(a)(1).

26 //

27 //

28 //

82

1  Racketeering Act Four

2  Distribution of Methamphetamine

3       7.   On or about November 3, 2005, in Los Angeles County,

4  within the Central District of California, defendant VIRAMONTES

5  knowingly and intentionally distributed methamphetamine, a

6  schedule II controlled substance, in violation of Title 21,

7  United States Code, Section 841(a)(1).

8  Racketeering Act Five

9  Attempted Murder

10       8.   On or about December 4, 2005, in Riverside County,

11  within the Central District of California, defendants RODRIGUEZ,

12  ARMENDAREZ, R. LOZANO, A. LOZANO, GUTIERREZ, and ANGULO

13  willfully, deliberately, and with premeditation, unlawfully

14  attempted to kill with malice aforethought D.F., J.V., and S.G.,

15  in violation of California Penal Code, Sections 21a, 31, 187,

16  189, and 664.

17  Racketeering Act Six

18  Distribution of Methamphetamine

19       9.   On or about January 19, 2006, in Los Angeles County,

20  within the Central District of California, defendant J. GONZALEZ

21  knowingly and intentionally distributed methamphetamine, a

22  schedule II controlled substance, in violation of Title 21,

23  United States Code, Section 841(a)(1).

24  Racketeering Act Seven

25  Distribution of Methamphetamine

26       10.   On or about February 9, 2006, in Los Angeles County,

27  within the Central District of California, defendants J. GONZALEZ

28  and R. GOMEZ knowingly and intentionally distributed

83

1  methamphetamine, a schedule II controlled substance, in violation

2  of Title 21, United States Code, Section 841(a)(1).

3  <u>Racketeering Act Eight</u>

4  <u>Distribution of Methamphetamine</u>

5      11.  On or about February 18, 2006, in Los Angeles County,

6  within the Central District of California, defendants J. GARCIA

7  and R. GOMEZ knowingly and intentionally distributed

8  methamphetamine, a schedule II controlled substance, in violation

9  of Title 21, United States Code, Section 841(a)(1).

10  <u>Racketeering Act Nine</u>

11  <u>Distribution of Methamphetamine</u>

12      12.  On or about March 1, 2006, in Los Angeles County,

13  within the Central District of California, defendant TELLEZ

14  knowingly and intentionally distributed methamphetamine, a

15  schedule II controlled substance, in violation of Title 21,

16  United States Code, Section 841(a)(1).

17  <u>Racketeering Act Ten</u>

18  <u>Distribution of Methamphetamine</u>

19      13.  On or about March 2, 2006, in San Bernardino County,

20  within the Central District of California, defendant D. PADILLA

21  knowingly and intentionally distributed methamphetamine, a

22  schedule II controlled substance, in violation of Title 21,

23  United States Code, Section 841(a)(1).

24  <u>Racketeering Act Eleven</u>

25  <u>Distribution of Methamphetamine</u>

26      14.  On or about March 3, 2006, in Los Angeles County,

27  within the Central District of California, defendant D. PADILLA

28  knowingly and intentionally distributed methamphetamine, a

1   schedule II controlled substance, in violation of Title 21,

2   United States Code, Section 841(a)(1).

3   Racketeering Act Twelve

4   Distribution of Methamphetamine

5       15.   On or about March 22, 2006, in Los Angeles County,

6   within the Central District of California, defendant TELLEZ

7   knowingly and intentionally distributed methamphetamine, a

8   schedule II controlled substance, in violation of Title 21,

9   United States Code, Section 841(a)(1).

10  Racketeering Act Thirteen

11  Distribution of Cocaine

12      16.   On or about March 23, 2006, in Los Angeles County,

13  within the Central District of California, defendant ZUNIGA

14  knowingly and intentionally distributed cocaine, a schedule II

15  narcotic drug controlled substance, in violation of Title 21,

16  United States Code, Section 841(a)(1).

17  Racketeering Act Fourteen

18  Distribution of Methamphetamine

19      17.   On or about March 29, 2006, in Los Angeles County,

20  within the Central District of California, defendant J. GONZALEZ

21  knowingly and intentionally distributed methamphetamine, a

22  schedule II controlled substance, in violation of Title 21,

23  United States Code, Section 841(a)(1).

24  Racketeering Act Fifteen

25  Distribution of Methamphetamine

26      18.   On or about May 4, 2006, in Los Angeles County, within

27  the Central District of California, defendant OWENS knowingly and

28  intentionally distributed methamphetamine, a schedule II

85

1  controlled substance, in violation of Title 21, United States

2  Code, Section 841(a)(1).

3  Racketeering Act Sixteen

4  Distribution of Methamphetamine

5      19.  On or about May 10, 2006, in Los Angeles County, within

6  the Central District of California, defendant TELLEZ knowingly

7  and intentionally distributed methamphetamine, a schedule II

8  controlled substance, in violation of Title 21, United States

9  Code, Section 841(a)(1).

10 Racketeering Act Seventeen

11 Distribution of Methamphetamine

12     20.  On or about May 18, 2006, in Los Angeles County, within

13 the Central District of California, defendant R. GOMEZ knowingly

14 and intentionally distributed methamphetamine, a schedule II

15 controlled substance, in violation of Title 21, United States

16 Code, Section 841(a)(1).

17 Racketeering Act Eighteen

18 Distribution of Methamphetamine

19     21.  On or about May 24, 2006, in Los Angeles County, within

20 the Central District of California, defendants RODRIGUEZ and GIL

21 knowingly and intentionally distributed methamphetamine, a

22 schedule II controlled substance, in violation of Title 21,

23 United States Code, Section 841(a)(1).

24 Racketeering Act Nineteen

25 Distribution of Methamphetamine

26     22.  On or about May 24, 2006, in Los Angeles County, within

27 the Central District of California, defendant R. GOMEZ knowingly

28 and intentionally distributed methamphetamine, a schedule II

controlled substance, in violation of Title 21, United States

Code, Section 841(a)(1).

Racketeering Act Twenty

Distribution of Methamphetamine

23.   On or about May 31, 2006, in Los Angeles County, within the Central District of California, defendant GIL knowingly and intentionally distributed methamphetamine, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Racketeering Act Twenty-One

Distribution of Methamphetamine

24.   On or about June 3, 2006, in Clark County, Nevada, defendants VIRAMONTES and LEMAY knowingly and intentionally distributed methamphetamine, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Racketeering Act Twenty-Two

Distribution of Methamphetamine

25.   On or about June 8, 2006, in Los Angeles County, within the Central District of California, defendant GIL knowingly and intentionally distributed methamphetamine, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Racketeering Act Twenty-Three

Distribution of Methamphetamine

26.   On or about June 22, 2006, in Los Angeles County, within the Central District of California, defendant RODRIGUEZ knowingly and intentionally distributed methamphetamine, a schedule II controlled substance, in violation of Title 21,

1  United States Code, Section 841(a)(1).

2  Racketeering Act Twenty-Four

3  Distribution of Methamphetamine

4       27.  On or about July 18, 2006, in Los Angeles County,

5  within the Central District of California, defendant RODRIGUEZ

6  knowingly and intentionally distributed methamphetamine, a

7  schedule II controlled substance, in violation of Title 21,

8  United States Code, Section 841(a)(1).

9  Racketeering Act Twenty-Five

10 Distribution of Methamphetamine

11      28.  On or about July 19, 2006, in Los Angeles County,

12 within the Central District of California, defendant SOTO

13 knowingly and intentionally distributed methamphetamine, a

14 schedule II controlled substance, in violation of Title 21,

15 United States Code, Section 841(a)(1).

16 Racketeering Act Twenty-Six

17 Attempted Murder

18      29.  On or about July 20, 2006, in Los Angeles County,

19 within the Central District of California, defendant ESPINOZA

20 unlawfully, willfully, deliberately, and with premeditation, did

21 attempt to kill with malice aforethought S.A., in violation of

22 California Penal Code, Sections 21a, 31, 664, 187, and 189.

23 Racketeering Act Twenty-Seven

24 Distribution of Methamphetamine

25      30.  On or about July 21, 2006, in Los Angeles County,

26 within the Central District of California, defendants RODRIGUEZ

27 and GIL knowingly and intentionally distributed methamphetamine,

28 a schedule II controlled substance, in violation of Title 21,

88

1  United States Code, Section 841(a)(1).

2  Racketeering Act Twenty-Eight

3  Distribution of Methamphetamine

4      31. On or about July 22, 2006, in Los Angeles County,

5  within the Central District of California, defendant SOTO

6  knowingly and intentionally distributed methamphetamine, a

7  schedule II controlled substance, in violation of Title 21,

8  United States Code, Section 841(a)(1).

9  Racketeering Act Twenty-Nine

10  Distribution of Methamphetamine

11      32. On or about July 25, 2006, in Los Angeles County,

12  within the Central District of California, defendant SOTO

13  knowingly and intentionally distributed methamphetamine, a

14  schedule II controlled substance, in violation of Title 21,

15  United States Code, Section 841(a)(1).

16  Racketeering Act Thirty

17  Distribution of Methamphetamine

18      33. On or about August 16, 2006, in Los Angeles County,

19  within the Central District of California, defendant GIL

20  knowingly and intentionally distributed methamphetamine, a

21  schedule II controlled substance, in violation of Title 21,

22  United States Code, Section 841(a)(1).

23  Racketeering Act Thirty-One

24  Distribution of Methamphetamine

25      34. On or about August 17, 2006, in Riverside County,

26  within the Central District of California, defendants ARMENDAREZ

27  and R. LOZANO knowingly and intentionally distributed

28  methamphetamine, a schedule II controlled substance, in violation

1 | of Title 21, United States Code, Section 841(a)(1).

2 | Racketeering Act Thirty-Two

3 | Distribution of Methamphetamine

4 |     35.   On or about August 24, 2006, in Los Angeles County,

5 | within the Central District of California, defendants RODRIGUEZ

6 | and AZANEDO knowingly and intentionally distributed

7 | methamphetamine, a schedule II controlled substance, in violation

8 | of Title 21, United States Code, Section 841(a)(1).

9 | Racketeering Act Thirty-Three

10 | Distribution of Methamphetamine

11 |     37.   On or about November 26, 2006, in Los Angeles County,

12 | within the Central District of California, defendants RODRIGUEZ

13 | and GIL knowingly and intentionally distributed methamphetamine,

14 | a schedule II controlled substance, in violation of Title 21,

15 | United States Code, Section 841(a)(1).

16 | Racketeering Act Thirty-Four

17 | Possession with Intent to Distribute Methamphetamine

18 |     38.   On or about December 1, 2006, in Los Angeles County,

19 | within the Central District of California, defendant CONTRERAS

20 | knowingly and intentionally possessed with the intent to

21 | distribute methamphetamine, a schedule II controlled substance,

22 | in violation of Title 21, United States Code, Section 841(a)(1).

23 | Racketeering Act Thirty-Five

24 | Distribution of Cocaine

25 |     39.   On or about December 1, 2006, in Clark County, Nevada,

26 | defendant CORDOVA knowingly and intentionally distributed

27 | cocaine, a schedule II narcotic drug controlled substance, in

28 | violation of Title 21, United States Code, Section 841(a)(1).

1  Racketeering Act Thirty-Six

2  Attempted Murder

3      40.   On or about December 10, 2006, in Los Angeles County,

4  within the Central District of California, defendants BUSS, RIOS,

5  WEDIG, and BRADEN willfully, deliberately, and with

6  premeditation, unlawfully attempted to kill with malice

7  aforethought A.S., in violation of California Penal Code,

8  Sections 21a, 31, 187, 189, and 664.

9  Racketeering Act Thirty-Seven

10 Distribution of Methamphetamine

11     41.   On or about February 9, 2007, in San Bernardino County,

12 within the Central District of California, defendant R. LOZANO

13 knowingly and intentionally distributed methamphetamine, a

14 schedule II controlled substance, in violation of Title 21,

15 United States Code, Section 841(a)(1).

16 Racketeering Act Thirty-Eight

17 Distribution of Cocaine

18     42.   On or about February 10, 2006, in Clark County, Nevada,

19 defendant CORDOVA knowingly and intentionally distributed

20 cocaine, a schedule II narcotic drug controlled substance, in

21 violation of Title 21, United States Code, Section 841(a)(1).

22 Racketeering Act Thirty-Nine

23 Murder

24     43.   On or about February 14, 2007, in Los Angeles County,

25 within the Central District of California, defendants MONTES and

26 MELCER with malice aforethought willfully participated in the

27 murder of L.H., in violation of California Penal Code, Sections

28 31, 187, and 189.

1 Racketeering Act Forty

2 Distribution of Methamphetamine

3     44.   On or about March 23, 2007, in San Bernardino County,

4 within the Central District of California, defendant R. LOZANO

5 knowingly and intentionally distributed methamphetamine, a

6 schedule II controlled substance, in violation of Title 21,

7 United States Code, Section 841(a)(1).

8 Racketeering Act Forty-One

9 Distribution of Methamphetamine

10     45.   On or about March 23, 2007, in San Bernardino County,

11 within the Central District of California, defendant ARMENDAREZ

12 knowingly and intentionally distributed methamphetamine, a

13 schedule II controlled substance, in violation of Title 21,

14 United States Code, Section 841(a)(1).

15 Racketeering Act Forty-Two

16 Distribution of Methamphetamine

17     46.   On or about April 7, 2007, in Los Angeles County,

18 within the Central District of California, defendant PONCE

19 knowingly and intentionally distributed methamphetamine, a

20 schedule II controlled substance, in violation of Title 21,

21 United States Code, Section 841(a)(1).

22 Racketeering Act Forty-Three

23 Attempted Murder

24     47.   On or about April 8, 2007, in Los Angeles County,

25 within the Central District of California, defendant MALDONADO

26 willfully, deliberately, and with premeditation, unlawfully

27 attempted to kill with malice aforethought M.G. and Z.S., in

28 violation of California Penal Code, Sections 21a, 31, 187, 189,

92

1 and 664.

2 <u>Racketeering Act Forty-Four</u>

3 <u>Distribution of Methamphetamine</u>

4     48.  On or about May 22, 2007, in Los Angeles County, within

5 the Central District of California, defendant M. GARCIA knowingly

6 and intentionally distributed methamphetamine, a schedule II

7 controlled substance, in violation of Title 21, United States

8 Code, Section 841(a)(1).

9 <u>Racketeering Act Forty-Five</u>

10 <u>Distribution of Methamphetamine</u>

11     49.  On or about June 7, 2007, in Los Angeles County, within

12 the Central District of California, defendant MOREIN knowingly

13 and intentionally distributed methamphetamine, a schedule II

14 controlled substance, in violation of Title 21, United States

15 Code, Section 841(a)(1).

16 <u>Racketeering Act Forty-Six</u>

17 <u>Attempted Murder</u>

18     50.  On or about July 28, 2007, in Riverside County, within

19 the Central District of California, defendant MELGOZA willfully,

20 deliberately, and with premeditation, unlawfully attempted to

21 kill with malice aforethought M.T. and others, in violation of

22 California Penal Code, Sections 21a, 31, 187, 189, and 664.

23 <u>Racketeering Act Forty-Seven</u>

24 <u>Possession with Intent to Distribute Methamphetamine</u>

25     51.  On or about November 21, 2007, in Los Angeles County,

26 within the Central District of California, defendant MUNOZ

27 knowingly and intentionally possessed with the intent to

28 distribute methamphetamine, a schedule II controlled substance,

1  in violation of Title 21, United States Code, Section 841(a)(1).

2  Racketeering Act Forty-Eight

3  Possession with Intent to Distribute Methamphetamine

4      52.  On or about December 13, 2007, in Los Angeles County,

5  within the Central District of California, defendants RODRIGUEZ,

6  L. PADILLA, and TRUJILLO knowingly and intentionally possessed

7  with the intent to distribute methamphetamine, a schedule II

8  controlled substance, in violation of Title 21, United States

9  Code, Section 841(a)(1).

10  Racketeering Act Forty-Nine

11  Conspiracy to Commit Murder

12      53.  On or about August 18, 2007, in Los Angeles County and

13  elsewhere, defendants CAVAZOS and WILSON, and others conspired to

14  murder rival gang members in Indianapolis, Indiana, in violation

15  of California Penal Code, Sections 21a, 31, 182, 187, and 189.

16  Racketeering Act Fifty

17  Distribution of Methamphetamine

18      54.  On or about February 12, 2008, in Los Angeles County,

19  within the Central District of California, defendant R. LOZANO

20  and RIVERA knowingly and intentionally distributed

21  methamphetamine, a schedule II controlled substance, in violation

22  of Title 21, United States Code, Section 841(a)(1).

23  Racketeering Act Fifty-One

24  Possession with the Intent to Distribute Methamphetamine

25      55.  On or about April 1, 2008, in Los Angeles County,

26  within the Central District of California, defendant FIGUEROA

27  knowingly and intentionally possessed methamphetamine, a schedule

28  II controlled substance, with the intent to distribute it to

94

others, in violation of Title 21, United States Code, Section
841(a)(1).

Racketeering Act Fifty-Two

Attempted Murder

56.   On or about April 6, 2008, in Pasadena, California,
defendants LOZA and NEWMAN willfully, deliberately, and with
premeditation, unlawfully attempted to kill with malice
aforethought R.H. and J.H., in violation of California Penal
Code, Sections 21a, 31, 187, 189, and 664.

Racketeering Act Fifty-Three

Distribution of Methamphetamine

57.   On or about April 10, 2008, in Los Angeles County,
within the Central District of California, defendant GUTIERREZ
knowingly and intentionally distributed methamphetamine, a
schedule II controlled substance, in violation of Title 21,
United States Code, Section 841(a)(1).

Racketeering Act Fifty-Four

Distribution of Methamphetamine

58.   On or about May 1, 2008, in Los Angeles County, within
the Central District of California, defendant GUTIERREZ knowingly
and intentionally distributed methamphetamine, a schedule II
controlled substance, in violation of Title 21, United States
Code, Section 841(a)(1).

Racketeering Act Fifty-Five

Possession with Intent to Distribute Methamphetamine

59.   On or about July 30, 2008, in Los Angeles County,
within the Central District of California, defendant V. RODRIGUEZ
knowingly and intentionally possessed with the intent to

distribute methamphetamine, a schedule II controlled substance,

in violation of Title 21, United States Code, Section 841(a)(1).

Racketeering Act Fifty-Six

Possession with Intent to Distribute Methamphetamine

60.   On or about August 1, 2008, in Los Angeles County,

within the Central District of California, defendant V. RODRIGUEZ

knowingly and intentionally possessed with the intent to

distribute methamphetamine, a schedule II controlled substance,

in violation of Title 21, United States Code, Section 841(a)(1).

COUNT THREE

[18 U.S.C. § 1959(a)(5)]

1.   At all times relevant to this Indictment, the Mongols criminal enterprise, as described more particularly in paragraphs One through Seventeen of the General Allegations, which paragraphs are incorporated and re-alleged herein as if set forth in full, constituted an enterprise as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, which was engaged in, and the activities of which affected, interstate and foreign commerce.

2.   At all times relevant to this Indictment, the Mongols criminal enterprise, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts involving murder, robbery, and extortion, in violation of the California Penal Code; the distribution of controlled substances, including methamphetamine and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and acts indictable under Title 18, United States Code, Sections 1956 and 1957 (money laundering).

3.   On or about December 4, 2005, within the Central District of California and elsewhere, for the purpose of maintaining and increasing position in the Mongols criminal enterprise, an enterprise engaged in racketeering activity, defendants RODRIGUEZ, ARMENDAREZ, R. LOZANO, A. LOZANO, GUTIERREZ, and ANGULO unlawfully and knowingly attempted to kill D.F., J.V., and S.G., in violation of California Penal Code

97

1  Sections 31 and 187, all in violation of Title 18, United States

2  Code, Section 1959(a)(5).

COUNT FOUR

[18 U.S.C. § 1959(a)(5)]

1.    Paragraphs One through Seventeen of the General Allegations and Paragraphs One and Two of Count Three are hereby incorporated and re-alleged herein as if set forth in full.

2.    On or about July 20, 2006, in Los Angeles County, within the Central District of California, for the purpose of maintaining and increasing position in the Mongols criminal enterprise, an enterprise engaged in racketeering activity, defendant ESPINOZA did unlawfully and knowingly attempt to murder S.A., in violation of California Penal Code, Sections 31, 664, and 187, all in violation of Title 18, United States Code, Section 1959(a)(5).

COUNT FIVE

[18 U.S.C. § 1959(a)(5)]

1.    Paragraphs One through Seventeen of the General Allegations and Paragraphs One and Two of Count Three are hereby incorporated and re-alleged herein as if set forth in full.

2.    On or about December 10, 2006, in Los Angeles County, within the Central District of California, for the purpose of maintaining and increasing position in the Mongols criminal enterprise, an enterprise engaged in racketeering activity, defendants BUSS, RIOS, WEDIG, and BRADEN did unlawfully and knowingly attempt to kill A.S., in violation of California Penal Code, Sections 21a, 31, 664, 187, and 189 all in violation of Title 18, United States Code, Section 1959(a)(5).

100

COUNT SIX

[18 U.S.C. § 1959(a)(1)]

1.    Paragraphs One through Seventeen of the General Allegations and Paragraphs One and Two of Count Three are hereby incorporated and re-alleged herein as if set forth in full.

2.    On or about February 14, 2007, within the Central District of California and elsewhere, for the purpose of maintaining and increasing position in the Mongols criminal enterprise, an enterprise engaged in racketeering activity, defendants MONTES and MELCER unlawfully and with malice aforethought willfully participated in the murder of L.H., in violation of California Penal Code Sections 31 and 189, all in violation of Title 18, United States Code, Section 1959(a)(1).

COUNT SEVEN

[18 U.S.C. §§ 1959(a)(2), 3]

1.   Paragraphs One through Seventeen of the General Allegations and Paragraphs One and Two of Count Three are hereby incorporated and re-alleged herein as if set forth in full.

2.   On or about April 8, 2007, in Los Angeles County, within the Central District of California, for the purpose of maintaining and increasing position in the Mongols criminal enterprise, an enterprise engaged in racketeering activity, defendant MALDONADO did unlawfully and knowingly maim M.G., in violation of California Penal Code, Sections 31 and 203, all in violation of Title 18, United States Code, Section 1959(a)(2).

3.   After the commission of the above-described offense, defendants CAVAZOS, ROSELI, MUNZ, ALARCON, MORALES and EUSTICE received, relieved, comforted, and assisted MALDONADO in order to hinder or prevent MALDONADO's apprehension, trial, or punishment, in violation of Title 18, United States Code, Section 3.

COUNT EIGHT

[18 U.S.C. §§ 1959(a)(5), 3]

1.    Paragraphs One through Seventeen of the General Allegations and Paragraphs One and Two of Count Three are hereby incorporated and re-alleged herein as if set forth in full.

2.    On or about April 8, 2007, in Los Angeles County, within the Central District of California, for the purpose of maintaining and increasing position in the Mongols criminal enterprise, an enterprise engaged in racketeering activity, defendant MALDONADO did unlawfully and knowingly attempt to kill M.G. and Z.S., in violation of California Penal Code, Sections 31, 664, and 187, all in violation of Title 18, United States Code, Section 1959(a)(5).

3.    After the commission of the above-described offense, defendants CAVAZOS, ROSELI, MUNZ, ALARCON, MORALES and EUSTICE received, relieved, comforted, and assisted MALDONADO in order to hinder or prevent his apprehension, trial, or punishment, in violation of Title 18, United States Code, Section 3.

103

COUNT NINE

[18 U.S.C. § 1959(a)(5)]

1.    Paragraphs One through Seventeen of the General Allegations and Paragraphs One and Two of Count Three are hereby incorporated and re-alleged herein as if set forth in full.

2.    On or about July 28, 2007, in Los Angeles County, within the Central District of California, for the purpose of maintaining and increasing position in the Mongols criminal enterprise, an enterprise engaged in racketeering activity, defendant MELGOZA did unlawfully and knowingly attempt to murder M.T., in violation of California Penal Code, Sections 31, 664, and 187, all in violation of Title 18, United States Code, Section 1959(a)(5).

COUNT TEN

[18 U.S.C. § 1959(a)(5)]

1. Paragraphs One through Seventeen of the General Allegations and Paragraphs One and Two of Count Three are hereby incorporated and re-alleged herein as if set forth in full.

2. On or about August 18, 2007, in Los Angeles County, within the Central District of California, for the purpose of maintaining and increasing position in the Mongols criminal enterprise, an enterprise engaged in racketeering activity, defendants CAVAZOS and WILSON unlawfully conspired to murder rival gang members, in violation of California Penal Code, Sections 21a, 31, 187, and 664, all in violation of Title 18, United States Code, Section 1959(a)(5).

COUNT ELEVEN

[18 U.S.C. § 1959(a)(5)]

1.    Paragraphs One through Seventeen of the General Allegations and Paragraphs One and Two of Count Three are hereby incorporated and re-alleged herein as if set forth in full.

2.    On or about April 6, 2008, in Los Angeles County, within the Central District of California, for the purpose of maintaining and increasing position in the Mongols criminal enterprise, an enterprise engaged in racketeering activity, defendants LOZA and NEWMAN did unlawfully and knowingly attempt to murder R.H. and J.H., in violation of California Penal Code, Sections 31, 664, and 187, all in violation of Title 18, United States Code, Section 1959(a)(5).

## COUNT TWELVE

[18 U.S.C. § 1959(a)(5)]

1.    Paragraphs One through Seventeen of the General Allegations and Paragraphs One and Two of Count Three are hereby incorporated and re-alleged herein as if set forth in full.

2.    On or about April 27, 2008, in Los Angeles County, within the Central District of California, for the purpose of maintaining and increasing position in the Mongols criminal enterprise, an enterprise engaged in racketeering activity, defendants LOUIE, COTTINI and NAVA did unlawfully and knowingly attempt to murder N.G., in violation of California Penal Code, Sections 31, 664, and 187, all in violation of Title 18, United States Code, Section 1959(a)(5).

COUNT THIRTEEN

[18 U.S.C. § 1959(a)(3)]

1.    Paragraphs One through Seventeen of the General Allegations and Paragraphs One and Two of Count Three are hereby incorporated and re-alleged herein as if set forth in full.

2.    On or about May 24, 2008, in Los Angeles County, within the Central District of California, for the purpose of maintaining and increasing position in the Mongols criminal enterprise, an enterprise engaged in racketeering activity, defendants R. CAVAZOS, JR., and MCCAULEY unlawfully did assault D.Q. with a dangerous weapon, namely, a .45 caliber firearm, in violation of California Penal Code Section 245(a)(2), and in violation of Title 18, United States Code, Section 1959(a)(3).

COUNT FOURTEEN

[21 U.S.C. § 846]

1.   Paragraphs One through Seventeen of the Introductory Allegations are re-alleged and incorporated herein by reference as though fully set forth herein.

A.   OBJECTS OF THE CONSPIRACY

Beginning on a date unknown, and continuing to on or about October 9, 2008, in Los Angeles County, within the Central District of California, and elsewhere, defendants CAVAZOS, R. CAVAZOS, JR., H. GONZALEZ, ROSELI, NIEVES, TINOCO, MUNZ, WILSON, W. RAMIREZ, RODRIGUEZ, MUNOZ, J. GARCIA, BUSS, SOTO, RIOS, A. CAVAZOS, JR., ARMENDAREZ, R. MARTINEZ, R. LOZANO, A. LOZANO, M. GARCIA, PONCE, FIGUEROA, GIL, GUTIERREZ, VIRAMONTES, CANALES, J. GONZALEZ, ZUNIGA, LEYVA, OWENS, MOREIN, L. PADILLA, TRUJILLO, MEDEL, AZANEDO, MALDONADO, MONTES, WEDIG, V. RODRIGUEZ, A. LOPEZ, BRADEN, CHAVEZ, MELGOZA, TELLEZ, ANGULO, CONTRERAS, ESPINOZA, RIVERA, DAVID RIVERA ("D. RIVERA"), REYNOLDS, I. PADILLA, HULL, TREVINO, CHEVILLE, VALLE, LEMAY, SHAWLEY, PRICE, CORDOVA, NAVA, R. GOMEZ, MCCAULEY, LOUIE, COTTINI, S. GONZALEZ, SOLIS, WILLIAM RAMIREZ, LOZA, NEWMAN, MORENO, SAVALA, VASQUEZ, D. PADILLA, and others known and unknown to the Grand Jury, knowingly and intentionally conspired and agreed with each other to commit the following offenses:

1.   To distribute at least 50 grams of actual methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii);

5.   To distribute at least five grams of actual methamphetamine, a schedule II controlled substance, in violation

109

1  of Title 21, United States Code, Sections 841(a)(1) and

2  841(b)(1)(B)(viii); and

3      3.   To distribute at least 500 grams of a mixture or

4  substance containing a detectable amount of cocaine, a schedule

5  II narcotic drug controlled substance, in violation of Title 21,

6  United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

7  B.   <u>MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE</u>

8      <u>ACCOMPLISHED</u>

9      The objects of the conspiracy were to be accomplished in

10 substance as follows:

11     1.   Defendants CAVAZOS, R. CAVAZOS, JR., H. GONZALEZ,

12 ROSELI, NIEVES, TINOCO, MUNZ, WILSON, RODRIGUEZ, BUSS, and RIOS

13 would conduct organizational meetings and direct Mongols in the

14 conduct of robberies, assaults, murders, extortion, and drug

15 trafficking, as well as the collection and management of proceeds

16 generated through the commission of unlawful activities from

17 Mongols members, in order to promote and further the activities

18 of the Mongols gang.

19     2.   Defendants NIEVES, W. RAMIREZ, J. GARCIA, SOTO,

20 CANALES, J. GONZALEZ, MEDEL, and WEDIG, and others known and

21 unknown to the Grand Jury, would direct lower-ranking Mongols

22 members and prospective Mongols members about the activities of

23 the gang and their responsibilities for the organization and

24 deliver proceeds generated through the commission of unlawful

25 activities from Mongols members, prospects and the regional

26 chapters to the Mongols "Mother Chapter" leadership.

27     3.   Defendants RODRIGUEZ, MUNOZ, J. GARCIA, BUSS, SOTO,

28 RIOS, A. CAVAZOS, JR., ARMENDAREZ, R. MARTINEZ, R. LOZANO, A.

1  LOZANO, M. GARCIA, PONCE, FIGUEROA, GIL, GUTIERREZ, VIRAMONTES,

2  J. GONZALEZ, ZUNIGA, TELLEZ, R. GOMEZ, LEYVA, OWENS, MOREIN, L.

3  PADILLA, TRUJILLO, MEDEL, AZANEDO, MALDONADO, WEDIG, V.

4  RODRIGUEZ, CHAVEZ, MELGOZA, RIOS, CONTRERAS, RIVERA, D. RIVERA,

5  REYNOLDS, I. PADILLA, HULL, TREVINO, CHEVILLE, VALLE, LEMAY,

6  SHAWLEY, CORDOVA, WILLIAM RAMIREZ, MORENO, SAVALA, VASQUEZ, and

7  D. PADILLA, and others would obtain and distribute

8  methamphetamine and cocaine to Mongols members, associates and

9  narcotics customers.

10      4.    Defendant CAVAZOS and others would negotiate with

11  Mexican Mafia representatives to address the collection of "tax"

12  payments for the narcotics trafficking activities of Mongols

13  members in areas otherwise controlled by the Mexican Mafia.

14      5.    Defendants CAVAZOS, H. GONZALEZ, ROSELI, NIEVES,

15  TINOCO, MUNZ, WILSON, W. RAMIREZ, RODRIGUEZ, MUNOZ, J. GARCIA,

16  BUSS, SOTO, RIOS, A. CAVAZOS, JR., ARMENDAREZ, R. MARTINEZ, R.

17  LOZANO, A. LOZANO, M. GARCIA, PONCE, FIGUEROA, GIL, GUTIERREZ,

18  VIRAMONTES, CANALES, J. GONZALEZ, ZUNIGA, TELLEZ, R. GOMEZ,

19  LEYVA, OWENS, MOREIN, L. PADILLA, TRUJILLO, MEDEL, MALDONADO,

20  WEDIG, V. RODRIGUEZ, A. LOPEZ, BRADEN, CHAVEZ, MELGOZA, RIOS,

21  ANGULO, CONTRERAS, ESPINOZA, RIVERA, D. RIVERA, REYNOLDS, I.

22  PADILLA, HULL, TREVINO, CHEVILLE, SHAWLEY, PRICE, MCCAULEY,

23  LOUIE, COTTINI, S. GONZALEZ, SOLIS, WILLIAM RAMIREZ, LOZA,

24  NEWMAN, MORENO, and SAVALA, and others known and unknown to the

25  Grand Jury would obtain firearms, knives, bullet-proof vests, and

26  explosives to be used to enforce the authority of the Mongols

27  against rival gang members, the general public, and law

28  enforcement.

111

6.   Defendants CAVAZOS, R. CAVAZOS, JR., H. GONZALEZ, ROSELI, NIEVES, MUNZ, and WILSON would direct Mongols members to travel to different locations and commit acts of violence, including murder, against rival gang members, law enforcement or other persons who would challenge the authority of the Mongols organization.

7.   Defendants MUNZ, W. RAMIREZ, RODRIGUEZ, MUNOZ, J. GARCIA, BUSS, SOTO, RIOS, ARMENDAREZ, R. MARTINEZ, R. LOZANO, A. LOZANO, M. GARCIA, PONCE, FIGUEROA, GIL, GUTIERREZ, VIRAMONTES, CANALES, J. GONZALEZ, ZUNIGA, TELLEZ, R. GOMEZ, LEYVA, OWENS, MOREIN, L. PADILLA, TRUJILLO, MEDEL, MALDONADO, MONTES, WEDIG, A. LOPEZ, BRADEN, CHAVEZ, MELGOZA, ANGULO, CONTRERAS, ESPINOZA, RIVERA, REYNOLDS, I. PADILLA, HULL, TREVINO, CHEVILLE, NAVA, SHAWLEY, PRICE, MCCAULEY, LOUIE, COTTINI, S. GONZALEZ, LOZA, NEWMAN, MORENO, and SAVALA, and others known and unknown to the Grand Jury would commit acts of violence, including murder, against rival gang members, law enforcement or other persons who would challenge the authority of the Mongols organization.

8.   Defendants CAVAZOS, R. CAVAZOS, JR., and H. GONZALEZ, and others would conduct financial transactions to conceal the proceeds derived from the crimes of the organization and convert those proceeds to further the crimes of the Mongols and enrich themselves.

9.   Defendants CAVAZOS, R. CAVAZOS, JR., NIEVES, WILSON, J. GARCIA, and SOTO and others known and unknown to the Grand Jury would recruit new members to the Mongols organization and direct their initiation into the gang.

112

C.   OVERT ACTS

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, defendants CAVAZOS, R. CAVAZOS, JR., H. GONZALEZ, ROSELI, NIEVES, TINOCO, MUNZ, WILSON, W. RAMIREZ, RODRIGUEZ, MUNOZ, J. GARCIA, BUSS, SOTO, RIOS, A. CAVAZOS, JR., ARMENDAREZ, R. MARTINEZ, R. LOZANO, A. LOZANO, M. GARCIA, PONCE, FIGUEROA, GIL, GUTIERREZ, VIRAMONTES, CANALES, J. GONZALEZ, ZUNIGA, LEYVA, OWENS, MOREIN, L. PADILLA, TRUJILLO, MEDEL, AZANEDO, MALDONADO, MONTES, WEDIG, V. RODRIGUEZ, A. LOPEZ, BRADEN, CHAVEZ, MELGOZA, TELLEZ, ANGULO, CONTRERAS, ESPINOZA, RIVERA, D. RIVERA, REYNOLDS, I. PADILLA, HULL, TREVINO, CHEVILLE, VALLE, LEMAY, SHAWLEY, PRICE, CORDOVA, NAVA, R. GOMEZ, MCCAULEY, LOUIE, COTTINI, S. GONZALEZ, SOLIS, WILLIAM RAMIREZ, LOZA, NEWMAN, MORENO, SAVALA, VASQUEZ, and D. PADILLA, and others known and unknown to the Grand Jury committed various overt acts, within the Central District of California and elsewhere, including overt acts numbered 1 through 383 as set forth in Count One and hereby incorporated by reference, on or about the dates specified therein.

113

COUNT FIFTEEN

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about November 3, 2005, in Los Angeles County, within the Central District of California, defendant JORGE VIRAMONTES, also known as "Solo," knowingly and intentionally distributed at least five grams, that is, approximately 18 grams, of actual methamphetamine, a schedule II controlled substance.

114

COUNT SIXTEEN

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about January 19, 2006, in Los Angeles County, within the Central District of California, defendant JUAN ALFRED GONZALEZ, also known as "Negro," knowingly and intentionally distributed at least five grams, that is, approximately eight grams, of actual methamphetamine, a schedule II controlled substance.

COUNT SEVENTEEN

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about February 8, 2006, in Los Angeles County, within the Central District of California, defendant DAVID TELLEZ knowingly and intentionally distributed at least five grams, that is, approximately 13.2 grams, of actual methamphetamine, a schedule II controlled substance.

116

COUNT EIGHTEEN

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about March 1, 2006, in Los Angeles County, within the Central District of California, defendant DAVID TELLEZ knowingly and intentionally distributed at least five grams, that is, approximately 15.1 grams, of actual methamphetamine, a schedule II controlled substance.

117

## COUNT NINETEEN

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about March 2, 2006, in Los Angeles County, within the Central District of California, defendant DAVID PADILLA, also known as "Lazy Dave," knowingly and intentionally distributed at least five grams, that is, approximately 15.4 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT TWENTY

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about March 3, 2006, in Los Angeles County, within the Central District of California, defendant DAVID PADILLA, also known as "Lazy Dave," knowingly and intentionally distributed at least five grams, that is, approximately 15.4 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT TWENTY-ONE

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about March 22, 2006, in Los Angeles County, within the Central District of California, defendant DAVID TELLEZ knowingly and intentionally distributed at least five grams, that is, approximately 29.5 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT TWENTY-TWO

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about March 23, 2006, in Los Angeles County, within the Central District of California, defendant JUAN ALFRED GONZALEZ, aka "Negro," knowingly and intentionally possessed with the intent to distribute at least five grams, that is, approximately 5.4 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT TWENTY-THREE

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about May 5, 2006, in Los Angeles County, within the Central District of California, defendant WILLIAM OWENS, also known as "Target," knowingly and intentionally distributed at least five grams, that is, approximately 23 grams, of actual methamphetamine, a schedule II controlled substance.

122

COUNT TWENTY-FOUR

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about May 10, 2006, in Los Angeles County, within the Central District of California, defendant DAVID TELLEZ knowingly and intentionally distributed at least five grams, that is, approximately 10.9 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT TWENTY-FIVE

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about May 18, 2006, in Los Angeles County, within the Central District of California, defendant RENATO GOMEZ knowingly and intentionally distributed at least five grams, that is, approximately 11.8 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT TWENTY-SIX

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about May 24, 2006, in Los Angeles County, within the Central District of California, defendants ANDRES RODRIGUEZ, also known as ("aka") "Rascal," and DAVID EDWARD GIL, aka "L.A. Bull," knowingly and intentionally distributed at least five grams, that is, approximately 11 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT TWENTY-SEVEN

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about May 24, 2006, in Los Angeles County, within the Central District of California, defendant RENATO GOMEZ knowingly and intentionally distributed at least five grams, that is, approximately 11 grams, of actual methamphetamine, a schedule II controlled substance.

126

COUNT TWENTY-EIGHT

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about May 31, 2006, in Los Angeles County, within the Central District of California, defendant DAVID EDWARD GIL, also known as "L.A. Bull," knowingly and intentionally distributed at least five grams, that is, approximately 9.6 grams, of actual methamphetamine, a schedule II controlled substance.

127

COUNT TWENTY-NINE

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about June 8, 2006, in Los Angeles County, within the Central District of California, defendant DAVID EDWARD GIL, also known as "L. A. Bull," knowingly and intentionally distributed at least five grams, that is, approximately 26.1 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT THIRTY

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about July 18, 2006, in Los Angeles County, within the Central District of California, defendant ANDRES RODRIGUEZ, also known as "Rascal," knowingly and intentionally distributed at least five grams, that is, approximately 23.8 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT THIRTY-ONE

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about July 19, 2006, in Los Angeles County, within the Central District of California, defendant PETER SOTO, also known as "Bouncer," knowingly and intentionally distributed at least five grams, that is, approximately 9.6 grams, of actual methamphetamine, a schedule II controlled substance.