COUNT THIRTY-TWO

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about July 21, 2006, in Los Angeles County, within the Central District of California, defendants ANDRES RODRIGUEZ, also known as ("aka") "Rascal," and DAVID EDWARD GIL, aka "L.A. Bull," knowingly and intentionally distributed at least five grams, that is, approximately 15.4 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT THIRTY-THREE

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about July 25, 2006, in Los Angeles County, within the Central District of California, defendant PETER SOTO, also known as "Bouncer," knowingly and intentionally distributed at least five grams, that is, approximately 13.5 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT THIRTY-FOUR

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about August 16, 2006, in Los Angeles County, within the Central District of California, defendant DAVID EDWARD GIL, also known as "L.A. Bull," knowingly and intentionally distributed at least five grams, that is, approximately 16.1 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT THIRTY-FIVE

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii)]

On or about August 17, 2006, in Los Angeles County, within the Central District of California, defendants MANUEL ARMENDAREZ, also known as ("aka") "Mandog," and RAFAEL LOZANO, aka "Peligroso," knowingly and intentionally distributed at least 50 grams, that is, approximately 57.2 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT THIRTY-SIX

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about August 24, 2006, in Los Angeles County, within the Central District of California, defendants ANDRES RODRIGUEZ, also known as ("aka") "Rascal," and JOHN ALEX AZANEDO, aka "Bullet," knowingly and intentionally distributed at least five grams, that is, approximately 18.3 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT THIRTY-SEVEN

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii)]

On or about September 18, 2006, in Los Angeles County, within the Central District of California, defendant JORGE VIRAMONTES, also known as "Solo," knowingly and intentionally distributed at least 50 grams, that is, approximately 85.1 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT THIRTY-EIGHT

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about September 20, 2006, in Los Angeles County, within the Central District of California, defendant ANDRES RODRIGUEZ, also known as "Rascal," knowingly and intentionally distributed at least five grams, that is, approximately 37.6 grams, of actual methamphetamine, a schedule II controlled substance.

137

## COUNT THIRTY-NINE

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii)]

On or about November 6, 2006, in Los Angeles County, within the Central District of California, defendant RAFAEL LOZANO, also known as "Peligroso," knowingly and intentionally distributed at least 50 grams, that is, approximately 113.7 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT FORTY

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii)]

On or about November 26, 2006, in Los Angeles County, within the Central District of California, defendants ANDRES RODRIGUEZ, also known as ("aka") "Rascal, and DAVID EDWARD GIL, aka "L. A. Bull," knowingly and intentionally distributed at least 50 grams, that is, approximately 56.7 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT FORTY-ONE

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about March 23, 2007, in Los Angeles County, within the Central District of California, defendant RAFAEL LOZANO, also known as "Peligroso," knowingly and intentionally distributed at least five grams, that is, approximately 14.1 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT FORTY-TWO

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii)]

On or about March 23, 2007, in San Bernardino County, within the Central District of California, defendant MANUEL ARMENDAREZ, also known as "Mandog," knowingly and intentionally distributed at least 50 grams, that is, approximately 55 grams, of actual methamphetamine, a schedule II controlled substance.

141

COUNT FORTY-THREE

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii)]

On or about April 7, 2007, in Los Angeles County, within the Central District of California, defendant HORACIO PONCE, also known as "Scorpio," knowingly and intentionally distributed at least 50 grams, that is, approximately 78 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT FORTY-FOUR

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii)]

On or about May 23, 2007, in Los Angeles County, within the Central District of California, defendant MARK GARCIA, also known as "Wolf," knowingly and intentionally distributed at least 50 grams, that is, approximately 57.5 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT FORTY-FIVE

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about June 13, 2007, in Los Angeles County, within the Central District of California, defendant JAIME FLORES knowingly and intentionally distributed at least five grams, that is, approximately 9.5 grams, of actual methamphetamine, a schedule II controlled substance.

144

COUNT FORTY-SIX

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii)]

On or about November 21, 2007, in Los Angeles County, within the Central District of California, defendant ENRIQUE LOUIS MUNOZ, also known as "Hank," knowingly and intentionally possessed with the intent to distribute at least 50 grams, that is, approximately 66.8 grams, of actual methamphetamine, a schedule II controlled substance.

145

## COUNT FORTY-SEVEN

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about December 13, 2007, in Los Angeles County, within the Central District of California, defendant LUIS PADILLA, also known as "Kiko," knowingly and intentionally possessed with the intent to distribute at least five grams, that is, approximately 34 grams, of actual methamphetamine, a schedule II controlled substance.

146

COUNT FORTY-EIGHT

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii)]

On or about February 12, 2008, in Los Angeles County, within the Central District of California, defendants RAFAEL LOZANO, also known as ("aka") "Peligroso," and ISMAEL RIVERA, aka "Yo-Yo," knowingly and intentionally distributed at least 50 grams, that is, approximately 97 grams, of actual methamphetamine, a schedule II controlled substance.

147

COUNT FORTY-NINE

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii)]

On or about April 1, 2008, in Los Angeles County, within the Central District of California, defendant FELIX FIGUEROA, also known as "Risky," knowingly and intentionally possessed with the intent to distribute at least 50 grams, that is, approximately 97 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT FIFTY

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii)]

On or about April 10, 2008, in Los Angeles County, within the Central District of California, defendant RICARDO GUTIERREZ, also known as "Rick-O," knowingly and intentionally distributed at least 50 grams, that is, approximately 107.1 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT FIFTY-ONE

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii)]

On or about May 1, 2008, in Los Angeles County, within the Central District of California, defendant RICARDO GUTIERREZ, also known as "Money," knowingly and intentionally distributed at least 50 grams, that is, approximately 75.4 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT FIFTY-TWO

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii)]

On or about June 19, 2008, in San Bernardino County, within the Central District of California, defendant RAFAEL LOZANO, also known as "Peligroso," knowingly and intentionally distributed at least 50 grams, that is, approximately 62.5 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT FIFTY-THREE

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii)]

On or about July 24, 2008, in San Bernardino County, within the Central District of California, defendants ISMAEL RIVERA, also known as "Yo-Yo," and DAVID RIVERA knowingly and intentionally possessed with the intent to distribute at least 50 grams, that is, approximately 214.4 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT FIFTY-FOUR

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii)]

On or about July 31, 2008, in Los Angeles County, within the Central District of California, defendant VINCENT RODRIGUEZ, also known as "Monk," knowingly and intentionally distributed at least 50 grams, that is, approximately 91.1 grams, of actual methamphetamine, a schedule II controlled substance.

COUNT FIFTY-FIVE

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii)]

On or about September 17, 2008, in Los Angeles County, within the Central District of California, defendant MANUEL JIMMIE VASQUEZ, also known as "Leatherface," knowingly and intentionally possessed with the intent to distribute at least five grams, that is, approximately 26 grams, of actual methamphetamine, a schedule II controlled substance.

154

COUNT FIFTY-SIX

[18 U.S.C. § 922(g)(1)]

On or about October 15, 2005, in Los Angeles County, within the Central District of California, defendant JUAN ALFRED GONZALEZ, also known as "Negro" ("GONZALEZ"), knowingly possessed a firearm, namely, a Glock, Model 19 9 mm handgun, serial number GBB197, in and affecting interstate and foreign commerce.

Such possession occurred after defendant GONZALEZ had been convicted of at least one of the following crimes punishable by imprisonment for a term exceeding one year:

1.  Assault with a Deadly Weapon, in violation of California Penal Code Section 245(a)(1), in the Los Angeles Superior Court, Case Number A361728, on or about March 12, 1981;

2.  Assault with Intent to Commit Bodily Harm, in violation of California Penal Code Section 245(a)(1), in the Los Angeles Superior Court, Case Number 32623, on or about October 15, 1982.

COUNT FIFTY-SEVEN

[18 U.S.C. § 922(g)(1)]

On or about December 2, 2005, in Los Angeles County, within the Central District of California, defendant JUAN ALFRED GONZALEZ, also known as "Negro" ("GONZALEZ"), knowingly possessed a firearm, namely, a Smith & Wesson, Model 732, .32 caliber handgun, serial number AR3981, in and affecting interstate and foreign commerce.

Such possession occurred after defendant GONZALEZ had been convicted of at least one of the following crimes punishable by imprisonment for a term exceeding one year:

1. Assault with a Deadly Weapon, in violation of California Penal Code Section 245(a)(1), in the Los Angeles Superior Court, Case Number A361728, on or about March 12, 1981;

2. Assault with Intent to Commit Bodily Harm, in violation of California Penal Code Section 245(a)(1), in the Los Angeles Superior Court, Case Number 32623, on or about October 15, 1982.

156

COUNT FIFTY-EIGHT

[18 U.S.C. § 922(g)(1)]

On or about May 18, 2006, in Los Angeles County, within the Central District of California, defendant RENATO GOMEZ ("GOMEZ") knowingly possessed at least one of the following firearms: an Intra-Tec, 9 mm handgun, serial number A039070; and a Mossberg 12 gauge shotgun, serial number R362343, in and affecting interstate and foreign commerce.

Such possession occurred after defendant GOMEZ had been convicted of at least one of the following crimes punishable by imprisonment for a term exceeding one year:

1.  Carrying a Loaded Firearm, in violation of California Penal Code Section 11359, in the Los Angeles Superior Court Case Number BA265141, on or about June 29, 2004;

2.  Possession of a Controlled Substance, in violation of California Health & Safety Code Section 11377(a), in the Los Angeles Superior Court Case Number BA265141, on or about June 29, 2004;

3.  Possessing a Firearm at a Public School, in violation of California Penal Code Section 626.9, in the Los Angeles Superior Court Case Number BA144810, on or about January 3, 1997.

157

COUNT FIFTY-NINE

[18 U.S.C. § 922(g)(1)]

On or about June 5, 2007, in Los Angeles County, within the Central District of California, defendant JAIME FLORES ("FLORES") knowingly possessed a firearm, namely, a Norinco SKS assault rifle, serial number 1601319, in and affecting interstate and foreign commerce.

Such possession occurred after defendant FLORES had been convicted of a crime punishable by imprisonment for a term exceeding one year, namely, Possession of Marijuana for Sale, in violation of California Health and Safety Code Section 11359, in the Los Angeles Superior Court, Case Number BA259879, on or about April 21, 2004.

158

COUNT SIXTY

[18 U.S.C. § 922(g)(1)]

On or about June 13, 2007, in Los Angeles County, within the Central District of California, defendant JAIME FLORES ("FLORES") knowingly possessed a firearm, namely, a Mossberg shotgun, serial number R823455, in and affecting interstate and foreign commerce.

Such possession occurred after defendant FLORES had been convicted of a crime punishable by imprisonment for a term exceeding one year, namely, Possession of Marijuana for Sale, in violation of California Health and Safety Code Section 11359, in the Los Angeles Superior Court, Case Number BA259879, on or about April 21, 2004.

COUNT SIXTY-ONE

[18 U.S.C. § 924(c)]

On or about April 8, 2007, in Los Angeles County, within the Central District of California, defendant DENIS MALDONADO, also known as "Steaky," knowingly possessed a firearm, namely, a Baikal ACP .380 caliber handgun, bearing serial number GO20976-BTM9983, during and in relation to, and in furtherance of, a crime of violence, namely, the racketeering conspiracy set forth in Count One of this Indictment, a violation of Title 18, United States Code, Section 1962(d).

160

COUNT SIXTY-TWO

[18 U.S.C. § 924(c)]

On or about December 13, 2007, in Los Angeles County, within the Central District of California, defendant ANDRES RODRIGUEZ, also known as "Rascal," knowingly possessed firearms, namely, a Glock Model 30 .45 caliber handgun, bearing serial number GKB912; a Glock 9 mm handgun, with an obliterated serial number; and a Llama .45 caliber handgun, bearing serial number A12613, during and in relation to, and in furtherance of, a drug trafficking crime, namely, conspiracy to distribute methamphetamine, a schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and a crime of violence, namely, the racketeering conspiracy set forth in Count One of this Indictment, a violation of Title 18, United States Code, Section 1962(d).

161

COUNT SIXTY-THREE

[18 U.S.C. § 924(c)]

On or about March 17, 2008, in Los Angeles County, within the Central District of California, defendant RUBEN CAVAZOS, also known ("aka") as "Doc," RUBEN CAVAZOS, JR., aka "Lil Rubes," HECTOR GONZALEZ, JR., aka "Largo," ARTHUR ROSELI, JR., aka "Chiques," ALVARO CAVAZOS, JR., aka "Al the Suit," DANIEL MEDEL, aka "Big Dog," and BRIAN MCCAULEY knowingly possessed firearms, namely, a .22 caliber Marlin rifle, bearing serial number 93448421; a Sturm Ruger Mini Thirty rifle, bearing serial number 197-09346; a 12 gauge Mossberg shotgun, bearing serial number K419567; a .30 caliber Iver Johnson rifle, bearing serial number AA66083; a loaded Taurus 9 mm handgun, bearing serial number TJH52492; a loaded .45 caliber Beretta handgun, bearing serial number 098560MC; a .45 caliber Para-Ordnance Warthog handgun, bearing serial number P162909; a .223 caliber Keltec semi-automatic rifle, bearing serial number NSD52; a loaded 5.56 caliber Keltec semi-automatic rifle, bearing serial number N4M46; a .38 caliber Titan revolver, bearing serial number 0523545; a .45 caliber Colt semi-automatic handgun, bearing serial number 15829B70; a .45 caliber Firestorm semi-automatic handgun, bearing serial number 71-04-09140-02; a .38 caliber Smith & Wesson revolver, bearing serial number BBT4960; a .45 caliber Sig-Sauer handgun, bearing serial number G343 763; and a Taurus 9 mm semi-automatic handgun, bearing serial number TV1 66551, during and in relation to, and in furtherance of, a drug trafficking crime, namely, conspiracy to distribute methamphetamine and cocaine, schedule II narcotic drug controlled substances, in violation of

162

Title 21, United States Code, Sections 846 and 841(a)(1), and a crime of violence, namely, the racketeering conspiracy set forth in Count One of this Indictment, a violation of Title 18, United States Code, Section 1962(d).

COUNT SIXTY-FOUR

[18 U.S.C. § 924(c)]

On or about April 1, 2008, in Los Angeles County, within the Central District of California, defendant FELIX FIGUEROA, also known as "Risky," knowingly possessed a firearm, namely, a Springfield Armory .45 caliber handgun, bearing serial number 22073, during and in relation to, and in furtherance of, a drug trafficking crime, namely, conspiracy to distribute methamphetamine, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and a crime of violence, namely, the racketeering conspiracy set forth in Count One of this Indictment, a violation of Title 18, United States Code, Section 1962(d).

COUNT SIXTY-FIVE

[18 U.S.C. § 924(c)]

On or about May 24, 2008, in Los Angeles County, within the Central District of California, defendants RUBEN CAVAZOS, JR., also known as "Lil Rubes," and BRIAN MCCAULEY, knowingly possessed a firearm, namely, an H&K .45 caliber handgun, bearing serial number 25-093654, during and in relation to, and in furtherance of, a crime of violence, namely, the racketeering conspiracy set forth in Count One of this Indictment, a violation of Title 18, United States Code, Section 1962(d).

COUNT SIXTY-SIX

[18 U.S.C. § 1956(h)]

A.   OBJECT OF THE CONSPIRACY

Beginning on a date unknown and continuing until on or about October 9, 2008, in Los Angeles County, within the Central District of California, and elsewhere, defendants RUBEN CAVAZOS, also known as ("aka") "Doc" ("CAVAZOS"), RUBEN CAVAZOS, JR., aka "Lil Rubes" ("R. CAVAZOS, JR."), HECTOR GONZALEZ, JR., aka "Largo" ("H. GONZALEZ"), ARTHUR ROSELI, JR., aka "Chiques" ("ROSELI"), JUAN MANUEL NIEVES, aka "Listo" ("NIEVES"), ANTHONY MARK TINOCO, aka "Bengal" ("TINOCO"), WILLIAM MICHAEL MUNZ ("MUNZ"), LAWRENCE WILSON, aka "Lars" ("WILSON"), JOSE GARCIA, aka "Big Joe" ("J. GARCIA"), ROBERT VINCENT RIOS, aka "Chente" ("RIOS"), and others known and unknown to the Grand Jury, knowingly and intentionally conspired and agreed with each other to conduct financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activity, that is, a conspiracy to distribute methamphetamine and cocaine, with the intent to promote the carrying on of said specified unlawful activity, and to conceal and disguise the nature, location, source, ownership, and control the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

B.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished in

166

substance as follows:

1.   The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 9 of Count One, setting forth the means described in the conspiracy charged in Count One of this Indictment.

2.   The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 9 of Count Fourteen, setting forth the means described in the conspiracy charged in Count Fourteen of this Indictment.

3.   Defendants would conspire and arrange with others to obtain crack cocaine and methamphetamine.

4.   Defendants H. GONZALEZ, ROSELI, NIEVES, TINOCO, MUNZ, WILSON, J. GARCIA, and RIOS and others known and unknown to the Grand Jury would collect proceeds derived from the drug-trafficking and other crimes of the Mongols criminal enterprise on a monthly basis.

5.   Defendants H. GONZALEZ, ROSELI, NIEVES, TINOCO, MUNZ, WILSON, J. GARCIA, and RIOS, and others known and unknown to the Grand Jury would deliver proceeds to defendants CAVAZOS, R. CAVAZOS, JR., and H. GONZALEZ for the organization.

6.   Defendants CAVAZOS, R. CAVAZOS, JR., and H. GONZALEZ would maintain bank and credit card accounts to receive proceeds from the Mongols criminal enterprise.

7.   Defendants CAVAZOS, R. CAVAZOS, JR., and H. GONZALEZ would use the proceeds to promote the activities and offenses of the Mongols criminal enterprise.

C.   OVERT ACTS

In furtherance of the conspiracy, and to accomplish the

objects of the conspiracy, defendants CAVAZOS, R. CAVAZOS, JR., H. GONZALEZ, ROSELI, NIEVES, TINOCO, MUNZ, WILSON, J. GARCIA, and RIOS, and others known and unknown to the Grand Jury, committed various overt acts on or about the following dates, within the Central District of California and elsewhere, including but not limited to the following:

1-383.   The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 383 of Count One setting forth the overt acts of the conspiracy charged in Count One of this Indictment.

COUNTS SIXTY-SEVEN THROUGH EIGHTY-FOUR

[18 U.S.C. §§ 1956(a)(1)(B)(I), 2(a)]

On or about the following dates, in Los Angeles County, within the Central District of California, defendants RUBEN CAVAZOS, also known as ("aka") "Doc" ("CAVAZOS"), HECTOR GONZALEZ, JR., aka "Largo" ("GONZALEZ"), ARTHUR ROSELI, JR., aka "Chiques" ("ROSELI"), JUAN MANUEL NIEVES, aka "Listo" ("NIEVES"), ANTHONY MARK TINOCO, aka "Bengal" ("TINOCO"), WILLIAM MICHAEL MUNZ ("MUNZ"), LAWRENCE WILSON, aka "Lars" ("WILSON"), WALTER RAMIREZ, aka "Bumper" ("W. RAMIREZ"), ANDRES RODRIGUEZ, aka "Rascal" ("RODRIGUEZ"), ENRIQUE LOUIS MUNOZ, aka "Hank" ("MUNOZ"), JOSE GARCIA, aka "Big Joe" ("J. GARCIA"), SHAWN BUSS, aka "Monster" ("BUSS"), PETER SOTO, aka "Bouncer" ("SOTO"), and VICENTE RIOS, aka "Chente" ("RIOS"), knowingly and willfully conducted and aided, abetted, counseled, commanded, induced, and procured the following financial transactions affecting interstate and foreign commerce, knowing that the property involved in each of the financial transactions represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activity, that is, a conspiracy to distribute methamphetamine and cocaine, knowing that each of the transactions was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity:

| COUNT | DATE | TRANSACTION |
|---|---|---|
| SIXTY-SEVEN | 9/20/06 | Payment in the amount of $26,625 to The Comfort Inn |

169

| | | | |
|---|---|---|---|
| SIXTY-EIGHT | 9/20/06 | $24,087.65 in United States currency deposited in the Marquis Villas, Palm Springs account |
| SIXTY-NINE | 10/06/06 | $2,000 in United States currency deposited in Marquis Villas, Palm Springs Account |
| SEVENTY | 10/06/06 | $2,000 in United States currency deposited to Marquis Villa, Palm Springs |
| SEVENTY-ONE | 10/10/06 | Business check in the amount of $3,252.86 issued by Trading Places International, LLC |
| SEVENTY-TWO | 10/19/06 | Business check in the amount of $2,000 issued by Palm Springs Inn, LLC |
| SEVENTY-THREE | 10/24/06 | Deposit of US Bank check in the amount of $3,252.86 into Washington Mutual Bank |
| SEVENTY-FOUR | 8/06/07 | Deposit of $2,500 in United States currency to Washington Mutual credit card account xxxxxxxxxxxx2048 |
| SEVENTY-FIVE | 8/14/07 | Payment to Delta Airlines charged to Washington Mutual account xxxxxxxx2048 |
| SEVENTY-SIX | 9/06/07 | Payment of $7,356 in United States currency to Washington Mutual credit card account xxxxxxxxx2048 |
| SEVENTY-SEVEN | 9/22/07 | Payment of $5,000 to Marquis Villas, Palm Springs from Washington Mutual credit card account number xxxxx2048 |
| SEVENTY-EIGHT | 10/03/07 | Deposit of $5,000 in United States currency to Washington Mutual credit card account xxxxxxxxxxxx2048 |
| SEVENTY-NINE | 10/05/07 | $3,000 in United States currency deposited to Marquis Villa, Palm Springs |
| EIGHTY | 10/30/07 | Deposit of US Bank check in the amount of $2,750 into Washington Mutual Bank |
| EIGHTY-ONE | 12/03/07 | Deposit of $2,000 in United States currency to Washington Mutual credit card account xxxxxxxxxxxx2048 |
| EIGHTY-TWO | 5/13/08 | Deposit of $2,000 in United States currency to Washington Mutual credit card account xxxxxxxxxxxx2048 |

| | | | |
|---|---|---|---|
| 1 | EIGHTY-THREE | 6/10/08 | Deposit of $2,500 in United States currency to Washington Mutual credit |
| 2 | | | card account xxxxxxxxxxxx2048 |
| 3 | EIGHTY-FOUR | 7/17/08 | Deposit of $2,500 in United States currency to Washington Mutual credit |
| 4 | | | card account xxxxxxxxxxxx2048 |

COUNT EIGHTY-FIVE

[18 U.S.C. § 1963]

1.   Paragraphs One through Seventeen of the Introductory
Allegations are re-alleged and incorporated herein by reference
as though fully set forth herein.

2.   Pursuant to Rule 32.2, Fed. R. Crim. P., notice is
hereby given to the defendants that the United States will seek
forfeiture as part of any sentence, in accordance with Title 18,
United States Code, Section 1963, in the event of any defendant's
conviction under Counts One and/or Two of this Indictment.

3.   The defendants CAVAZOS, R. CAVAZOS, JR., GONZALEZ,
ROSELI, NIEVES, TINOCO, MUNZ, WILSON, RAMIREZ, RODRIGUEZ, MUNOZ,
J. GARCIA, BUSS, SOTO, RIOS, A. CAVAZOS, JR., ARMENDAREZ, R.
MARTINEZ, R. LOZANO, A. LOZANO, M. GARCIA, PONCE, FIGUEROA, GIL,
GUTIERREZ, VIRAMONTES, CANALES, J. GONZALEZ, ZUNIGA, LEYVA,
OWENS, MOREIN, L. PADILLA, TRUJILLO, MEDEL, BULLET, MALDONADO,
MONTES, WEDIG, A. LOPEZ, BRADEN, CHAVEZ, MELGOZA, TELLEZ, ANGULO,
CONTRERAS, ESPINOZA, RIVERA, REYNOLDS, I. PADILLA, HULL, TREVINO,
CHEVILLE, VALLE, LEMAY, SHAWLEY, PRICE, CORDOVA, NAVA, GOMEZ,
MCCAULEY, LOUIE, COTTINI, S. GONZALEZ, SOLIS, WILLIAM RAMIREZ,
MELCER, LOZA, NEWMAN, MORENO, SAVALA, and D. PADILLA:

a.   have acquired and maintained interests in violation
of Title 18, United States Code, Section 1962, which interests
are subject to forfeiture to the United States pursuant to Title
18, United States Code, Section 1963(a)(1);

b.   have an interest in, security of, claims against,
and property and contractual rights that afford a source of
influence over, the enterprise named and described herein, which

172

1  the defendants established, operated, controlled, conducted, and

2  participated in the conduct of, in violation of Title 18, United

3  States Code, Section 1962, which interests, securities, claims,

4  and rights are subject to forfeiture to the United States

5  pursuant to Title 18, United States Code, Section 1963 (a)(2);

6  and

7          c.   have property constituting and derived from

8  proceeds obtained, directly and indirectly, from racketeering

9  activity, in violation of Title 18, United States Code, Section

10  1962, which property is subject to forfeiture to the United

11  States pursuant to Title 18, United States Code, Section

12  1963(a)(3).

13      4.   The interests of the defendants subject to forfeiture to

14  the United States pursuant to Title 18, United States Code,

15  Section 1963(a)(1), (a)(2), and (a)(3), include but are not

16  limited to:

17          a.   At least $5,000,000.

18          b.   The trademark/service mark "Mongols" (Registration

19  No. 2916965), issued to Mongol Nation, purportedly for use in

20  commerce in connection with promoting the interests of persons

21  interested in the recreation of riding motorcycles.

22          c.   The real property located at 3007 Cordova Court,

23  West Covina, California.

24      5.   If any of the property described in paragraph 3 above,

25  as a result of any act or omission of a defendant,

26          a.   cannot be located upon the exercise of due

27  diligence;

28          b.   has been transferred or sold to, or deposited with,

173

1  a third party;

2          c.   has been placed beyond the jurisdiction of the

3  court;

4          d.   has been substantially diminished in value; or

5          e.   has been commingled with other property that cannot

6  be divided without difficulty, the court shall order the

7  forfeiture of any other property of the defendants up to the

8  value of any property set forth in paragraph 3 above.

9      6.   The above-named defendants, and each of them, are

10 jointly and severally liable for the forfeiture obligations as

11 alleged above.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT EIGHTY-SIX

[18 U.S.C. § 982(a)(1); 21 U.S.C. § 853(a)]

1.    Paragraphs One through Seventeen of the Introductory Allegations are re-alleged and incorporated herein by reference as though fully set forth herein.

2.    The allegations contained in Counts Twelve through Fifty-Five of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982(a)(1).  Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982(a)(1), in the event of any defendant's conviction under Counts Twelve through Fifty-Five of this Indictment.

3.    Defendants CAVAZOS, H. GONZALEZ, ROSELI, NIEVES, TINOCO, MUNZ, WILSON, W. RAMIREZ, RODRIGUEZ, MUNOZ, J. GARCIA, BUSS, SOTO, RIOS, A. CAVAZOS, JR., ARMENDAREZ, R. MARTINEZ, R. LOZANO, A. LOZANO, M. GARCIA, PONCE, FIGUEROA, GIL, GUTIERREZ, VIRAMONTES, CANALES, J. GONZALEZ, ZUNIGA, R. GOMEZ, LEYVA, OWENS, MOREIN, L. PADILLA, TRUJILLO, MEDEL, MALDONADO, MONTES, WEDIG, V. RODRIGUEZ, A. LOPEZ, BRADEN, CHAVEZ, MELGOZA, TELLEZ, ANGULO, CONTRERAS, ESPINOZA, RIVERA, DAVID RIVERA, REYNOLDS, I. PADILLA, HULL, TREVINO, CHEVILLE, VALLE, LEMAY, SHAWLEY, PRICE, NAVA, R. GOMEZ, MCCAULEY, LOUIE, COTTINI, S. GONZALEZ, SOLIS, WILLIAM RAMIREZ, LOZA, NEWMAN, MORENO, SAVALA, VASQUEZ and D. PADILLA

175

shall forfeit to the United States the following property:

  a.   All right, title, and interest in any and all property

    (1)  constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any such offense; and

    (2)  any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense, including but not limited to:

  a.   The real property located at 3007 Cordova Court, West Covina, California.

  b.   A sum of money equal to the total value of the property described in subsection (a).

  4.   Pursuant to Title 21, United States Code, Section 853(p), each defendant shall forfeit substitute property, up to the value of the total amount described in paragraph 1, if, as the result of any act or omission of said defendant, the property described in paragraph 1, or any portion thereof:

  a.   cannot be located upon the exercise of due diligence;

  b.   has been transferred, sold to or deposited with a third party;

  c.   has been placed beyond the jurisdiction of the court;

  d.   has been substantially diminished in value; or

  e.   has been commingled with other property which cannot be divided without difficulty.

  5.  For each of Counts Twelve through Fifty-Four for which more than one defendant is found guilty, each such defendant

shall be jointly and severally liable for the entire amount
ordered forfeited pursuant to that count.

A TRUE BILL

/S/

Foreperson

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division


ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Violent and Organized Crime Section


CHRISTOPHER BRUNWIN
Assistant United States Attorney
Deputy Chief, Violent and Organized Crime Section


REEMA M. EL-AMAMY
Assistant United States Attorney
Violent and Organized Crime Section